MARTIN v. DUKE.

Opinion delivered November 27, 1922.

1. APPEAL AND ERROR—INSTRUCTIONS NOT EXCEPTED TO.—Instructions to which no exceptions were saved will not be considered on appeal.

2. EVIDENCE—COPY OF CONTRACT.—In replevin against a wife to recover a piano which plaintiff claimed under a mortgage from her husband, where defendant claimed to have purchased and paid for the piano, refusal to permit her to introduce a purported copy of the contract for the purchase of the piano, without proper identification thereof, was not error.

3. EVIDENCE—LETTER OF THIRD PERSON.—In an action involving the validity of a husband's chattel mortgage on a piano as against the wife's contention that she had bought and paid for and owned the piano, a letter from the seller stating that she had paid her account in full, and that the company would cancel her contract and give her a clear title to the piano, was hearsay and inadmissible as against one asserting title to the piano.

4. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not error to refuse a new trial for newly discovered evidence of which appellant had notice before the trial.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

### STATEMENT OF FACTS.

This is a suit in replevin by S. W. Duke against Mrs. S. E. Martin to recover the possession of a piano.

It appears from the record that S. W. Duke claims the piano under a mortgage executed by S. E. Martin, the husband of the defendant, Mrs. S. E. Martin, to the First National Bank of Mena, Ark., and duly assigned to him by the bank. Mrs. Martin was not present when the mortgage was executed, but her husband represented to the bank that he was the owner of the piano. There is now due and unpaid the sum of $70.27 on this mortgage.

The deposition of S. E. Martin was read in evidence on the part of the plaintiff. According to his evidence he paid all of the payments on the piano, except the last few, which were paid by his mother for him. The piano was community property. It was never in the name of his wife. On cross-examination he stated that the piano was purchased by himself.

According to the evidence of Mrs. S. E. Martin, the piano is in her possession and has been in her possession since it was first purchased. She purchased it herself from the factory, and has made all of the payments herself. Her husband never asserted any claim or right to the piano while they lived together as husband and wife.

The jury returned a verdict in favor of the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*McPhetrige & Martin,* for appellee.

Replevin does not lie for an undivided interest in a chattel, as an undivided part is not susceptible of delivery without the whole. Wells on Replevin, 2 edition, § 154, pp. 144-5.

*Minor Pipkin,* for appellee.

There was no error in the court's instruction. Failure to except to the instruction at the trial waived the exception. 88 Ark. 505.

The instruction of the court placing upon the plaintiff the burden of showing her title to the piano was proper. C. & M. Digest, sec. 5591 to 5593. The motion for new trial was properly refused. C. & M. Dig., sec. 1315; 103 Ark. 591.

Hart, J. (after stating the facts). No exceptions were saved to the instructions given by the court, and, under the settled practice in this State, no assignment of error with regard to the instructions can be considered on appeal.

It is next urged that the evidence is not legally sufficient to support the verdict. We do not agree with counsel for the defendant in this contention. According to the evidence in behalf of the plaintiff, the husband of the defendant bought the piano himself, and mortgaged it to the bank for an indebtedness due it. The mortgage was duly assigned to the plaintiff, and there remains due and unpaid on it a sum of money which is equal to the value of the piano.

It is true that this evidence was contradicted by the defendant, but the jury has settled the question of the credibility of the witnesses in favor of the plaintiff, and the evidence warrants the verdict.

It is next insisted that the court erred in not permitting the defendant to introduce in evidence a purported copy of the contract which she had made for the purchase of the piano. According to the evidence of

the defendant, she purchased the piano from the factory which made it, and a duplicate written contract was executed. Subsequently her copy of the contract was destroyed by fire, and she wrote to the factory and obtained a copy of the contract from it. It was this copy which she desired to introduce in evidence. The court properly refused to allow the instrument to be introduced in evidence until it had been properly identified. The piano company had the original contract, and could have identified the instrument offered in evidence as a copy of it, if such was the fact.

The next assignment of error is that the court erred in refusing to allow the defendant to amend her motion for a new trial and to grant the same. After the term of the court at which the case was tried had lapsed, the defendant offered to file an amended motion for a new trial on the ground of newly discovered evidence. In her motion she stated that, after the term at which the case was tried had lapsed, she found a receipt issued to her by the piano company for a payment which she had made on it, and also a letter stating that the payment paid her account in full, and that the company would cancel her contract and give her a clear title to the piano. The letter itself amounted to nothing more than hearsay. It was the letter of a third person to her with regard to a payment made on the piano, and could not be used as evidence in her behalf against one who was asserting title to the piano.

Again, it may be said that she could have proved by the company which sold her the piano the fact of the sale, if such was the case, and that she knew of the existence of this proof before as well as after the trial of the case.

It follows that the judgment will be affirmed.